# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TONYA HARRIS**<br>1908 S Street SE<br>Washington, DC 20020<br><br>     Plaintiff,<br><br>  v.<br><br>**SONNY PERDUE,** Secretary,<br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE<br>1400 Independence Avenue, S.W.<br>Washington, DC 20250<br><br>     Defendants, | Civil Action No.<br><br>**Jury Trial Demanded** |

## FEDERAL COMPLAINT

Plaintiff, Tonya Harris by way of her counsel, Morris E. Fischer, hereby submits this federal complaint in violation of the Equal Pay Act. 29 C.F.R. § 1614.103(a).

## PARTIES

1. Plaintiff, Tonya Harris, is a current employee of the U.S. Department of Agriculture ("USDA", "Agency")

2. Defendant Perdue is the Secretary of the Agency, named in his official capacity pursuant to 42 U.S.C. § 2000e-16.

3. Defendant Perdue does business and is located in Washington, DC.

-2-

4. Defendant Perdue is properly named as the head of the Agency pursuant to 42 U.S.C. § 2000e-16(c).

5. Defendant Perdue's agents are certain employees, supervisors, responsible for reporting false information to security officers responsible for investigating the Plaintiff and causing the Plaintiff to lose her security clearance. Defendants Caldera and Rasmussen are being sued in their individual capacities.

## JURISDICTION

6. This action arises under the Equal Pay Act, 29 C.F.R. § 1614.103(a), which prohibits an employer from paying an employee of one gender a lower rate of pay than an employee of the opposite gender for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

7. Defendants do business at the USDA, 1400 Independence Avenue, Washington, DC 20250.

8. All of the necessary administrative prerequisites have been met prior to filing the instant action, as Plaintiff has filed timely complaints of discrimination, including the Equal Pay Act and more than 180 days have passed since the filing.

9. Therefore, this court has jurisdiction over these claims under 42 U.S.C. §§ 2000e–5 & –16 (2012) and the Constitution of the United States of America.

10. Defendants reside in this judicial district, and a substantial part of the events giving rise to this action took place within this judicial jurisdiction.

11. Therefore, this court has proper venue pursuant to 29 U.S.C. § 1391 (2012).

**FACTS**

12. At all times herein mentioned, Plaintiff is a female, employed by the USDA, Office of the Chief Financial Officer ("OCFO"), in the ACFO for Shared Services, Financial Management Service Center ("FMS"), Implementation Division, in Washington, DC.

13. At all times herein mentioned, Plaintiff was a Financial Analyst, GS-0501-12.

14. At all times herein mentioned, Plaintiff's supervisors were Jeff Hoge, Director, between 2013-2016 and 2018; Lisa Taylor Acting Director in 2016-2017, Joseph Schulte, Acting Director, in 2017-2018 and Adrina Carter, Acting Director, 2018 to the present.

15. Plaintiff's job duties involved being responsible for the technical, administrative and analytical duties in connection with the organization's systems and services, establishing project controls and management of various internal projects, coordinating efforts to establish, document, communicate and promote project policies procedures, guidelines, standards and tool usage. Plaintiff was also responsible for assisting in defining and refining repeatable project processes; performing various studies of internal systems to ensure compliance with rules and regulations, as well as assisting in defining relative priorities of key program initiatives, assessing value or services, providing and addressing unresolved cross-customer issues, developing training methodologies and coordination of delivery of new training technologies; and providing leadership and guidance to programs associated with travel and grants management.

16. The Plaintiff was performing the same job duties as males at the Grade-13 level.

17. An EEO Report of Investigation was completed with respect to among other things, the Plaintiff's Equal Pay Claim.

18. The Report of Investigation showed at least one male with the same job title, Financial Analyst, 0501, but a GS-13. Exhibit 1.

19. On or about August 26, 2016, the Plaintiff sent written communication to Jeff Hoge complaining about the disparate pay issue. Exhibit 2.

20. In the aforesaid communication, the Plaintiff outlined her job duties, and a number of points supporting her contentions. Id.

21. The Plaintiff followed up with Mr. Hoge several weeks later. Id.

22. The EEO investigator described Mr. Hoge as the key Responsible Management Official in the Plaintiff's EEO complaint. Exhibit 3.

23. The EEO investigator noted that he contacted Mr. Hoge. Id.

24. The EEO investigator noted that Mr. Hoge called the investigator and told him that he, Mr. Hoge, was not interested in participating in the investigation. Id.

25. Mr. Hoge refused to participate in the EEO investigation.

26. The Plaintiff was promoted to a GS-13 position on or about June 24, 2019.

27. Joseph Schulte was a peer of the Plaintiff and her acting supervisor between March 5, 2018 and July 7, 2018. Exhibit 4, question #2.

28. The Plaintiff identified Jeffery Boudreaux as her teammate performing the same duties and the same responsibilities during the subject period of time. Id. at question #6.

29. Mr. Schulte attested that the Plaintiff and Mr. Boudreaux had similar duties and overlapping responsibilities. Id.

30. Mr. Schulte further attested that while the main difference between the two was that Mr. Boudreaux dealt with program management of contractual issues regarding the work performed by the team, whereas the Plaintiff dealt with project management, the lines "do become very blurry and occasionally a distinction between the two is difficult." Id.

-4-

31. Mr. Schulte further attested that as of April 1, 2019 (prior to her promotion), the Plaintiff was functioning as a GS-13.

32. Mr. Wade Edwards was a GS-13 member of the ETS2 Implementation Team along with Mr. Harris beginning in 2014. Exhibit 5, question #3.

33. Mr. Edwards attested that the Plaintiff and Mr. Boudreaux had the same responsibilities. Id. at question #6.

34. Mr. Edwards further attested that both Mr. Boudreaux and the Plaintiff led project meetings, performed mass data loads, created presentaitons for management and agencies and prepared and conducted ETS2 FATA training for the agencies. Id.

35. Mr. Edwards further attested that the Plaintiff was more creative of the two in document preparing and presentation, evident in that these tasks are often passed on to her. Id.

36. Mr. Edwards further attested that he did not see much difference in their jobs. Id.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT

37. Plaintiff re-alleges and reincorporates all prior allegations as if fully stated herein.

38. Plaintiff is a female.

39. Mr. Boudreaux was a male.

40. The aforesaid individual listed in Exhibit 1 was a male.

41. Until the Plaintiff was promoted in June, 2019, she was performing the same job and duties the performance of which requires equal skill, effort, and responsibility, and performed under similar working conditions as a GS-13.

42. Until the Plaintiff was promoted in June, 2019, she was performing the same job and duties the performance of which requires equal skill, effort, and responsibility, and performed under similar working conditions as a GS-14.

43. From June 24, 2019 until the present, the Plaintiff has been performing the same job and duties the performance of which requires equal skill, effort, and responsibility, and performed under similar working conditions as a GS-14.

44. The Defendant failed to pay the Plaintiff equally as the aforementioned male counterparts in violation of the Equal Pay Act.

45. The Agency acted wantonly, willfully, with malice, and with reckless indifference to Plaintiff's equal pay rights.

46. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other personal damages.

47. Because of the unlawful conduct Plaintiff suffered economic damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

a. A declaratory judgment that the conduct of the Agency challenged herein was illegal and in violation of the aforementioned laws;

b. Economic damages for the loss in back-pay;

c. Retroactive promotion to GS-14.

d. Compensatory damages in an amount to be proved at trial, including compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described herein;

e. Reasonable attorneys' fees, expenses, and costs incurred by Plaintiff;

f. Such other and further relief as the Court may deem just.

Date: 12/23/2020                                    Respectfully Submitted,

                                                    _____/s/_____
                                                    Morris E. Fischer, Esq.
                                                    Morris E. Fischer, LLC
                                                    MD Bar No. 26286
                                                    8720 Georgia Avenue, Suite 210
                                                    Silver Spring, MD 20910
                                                    301-328-7631 Office
                                                    301-328-7638 Fax
                                                    Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury on all matters properly tried to a jury.

Date: _12/23/2020_____                          Respectfully Submitted,

                                                    _____/s/_____
                                                    Morris E. Fischer, Esq.
                                                    Morris E. Fischer, LLC
                                                    DC Bar No. 490369
                                                    8720 Georgia Ave, Suite 210
                                                    Silver Spring, MD 20910
                                                    301-328-7631 Office
                                                    301-328-7638 Fax
                                                    Attorney for Plaintiff